SMITH, Justice,
for the Court.
Frances Murphy was tried and convicted in the Circuit Court of Washington County of the murder of her husband and sentenced to life imprisonment.
A review of the evidence, the sufficiency of which to support the conviction is challenged on appeal, reflects that appellant’s husband was shot to death in the marital domicile by the “boyfriend” of appellant’s daughter. The evidence leaves little doubt that the deceased husband had grossly abused and mistreated appellant and her daughter for a long time. There was evidence, including the testimony of the daughter’s boyfriend who actually fired the fatal shots, capable of supporting the theory of the prosecution that appellant, her daughter and he entered into a plot and conspiracy in which it was agreed that he would kill appellant’s husband and that appellant and her daughter would testify in support of a claim on his part that he had fired in necessary self-defense. Appellant assured him, according to his testimony, that she also would post bond for him and provide an attorney for his defense, assur *1263 ing him that “there would be nothing to it.” The evidence further supports the finding that this plot to kill appellant’s husband was duly carried out, the daughter’s young “boyfriend,” after shooting him down, having fired another shot into his body to “make sure that he was dead.” We are unable to say that the guilty verdict returned by the jury was not sufficiently supported by the evidence. , Certainly, it was not against the overwhelming weight of the evidence as contended by appellant. It is also argued that a requested instruction on self-defense should have been granted. However, we find no evidence in the record capable of supporting any reasonable theory that the killing was done in self-defense. Although appellant was contradicted in this, she herself testified that at the time her husband was shot she was not in the house but was out in the backyard trying to start a lawn mower.
We have examined and considered the record in the light of each of the several objections now urged upon this Court as requiring reversal and retrial of the case and find these objections to be without merit.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.